UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. COOK,

        Plaintiff,                      Case No. 08-13404

vs.                                    DISTRICT JUDGE GERALD E. ROSEN
                                          MAGISTRATE JUDGE STEVEN D. PEPE

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
============================/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR SUBPOENAS (DKT. #18, #19 & #22)
AND
ORDER DENYING PLAINTIFF'S MOTION FOR SEARCH WARRANT (DKT. #21)
AND
ORDER GRANTING IN PART PLAINTIFF'S MOTION
FOR EXTENSION OF TIME (DKT. #20)**

      This matter is before the Court on a Complaint for judicial review following an adverse decision of the Commissioner of Social Security. The Complaint was filed on August 6, 2008, and referred to the undersigned for all pretrial purposes (Dkt. #1 & #4). On October 16, 2008, this Court issued a Scheduling Order requiring Plaintiff to file his motion for summary judgement on or before November 6, 2008 (Dkt. #10). As of this date, Plaintiff has failed to file such a pleading with this Court. Accordingly, the Court issued a December 10, 2008, decision ordering Plaintiff to file his motion for summary judgment or show cause in writing on or before December 29, 2008, indicating why he has failed to file his motion for summary judgment (Dkt. #11).

1

Plaintiff did not timely respond to the Order to Show Cause, but instead filed a March 13, 2009, motion for an extension of time to file his motion for summary judgment (Dkt. #20). Plaintiff has also filed three motions for subpoenas (Dkt. #18, #19 & #22) and a motion for a search warrant (Dkt. #21) all aimed at compelling third parties to produce Plaintiff's medical records. For the reasons noted below, Plaintiff's motions for subpoenas and his motion for a search warrant are **DENIED.** Plaintiff's motion for an extension of time to file his motion for summary judgment is **GRANTED**.

In Plaintiff's motions for subpoenas (Dkt. #18 & #19) he is seeking to compel the Social Security Administration to obtain and produce to him certain medical records related to his medical care that he believes are pertinent to his case. Plaintiff has also moved for a search warrant and subpoena directed to Wayne County and/or the Wayne County Health Department (Dkt. #21 & #22) for medical records, search logs and correspondence involving searches for his medical records. Defense counsel has confirmed that Plaintiff was sent a copy of the administrative transcript filed in this case. If Plaintiff has not received this transcript, he should contact AUSA Vanessa Miree Mays at the U.S. Attorney's Office located at 211 W. Fort Street, Suite 2001, Detroit, MI, 48226, 313-226-9762.

Although Plaintiff is currently proceeding *pro se*, at his July 10, 2007, administrative hearing before Administrative Law Judge ("ALJ") D'Amato, Plaintiff was represented by Attorney Clifford B. Walkon. If Plaintiff believed that the record was incomplete and he was unable to supplement it through his own requests, his counsel should have asked ALJ D'Amato to subpoena the necessary records or submit targeted questions to Plaintiff's physicians. Here, there is no evidence in the record or in Plaintiff's current submissions that he requested the ALJ

to obtain certain records and that he failed to do so.

Moreover, if the evidence Plaintiff now seeks was not before the ALJ when he rendered the final decision of the Commissioner, it cannot be considered for substantial evidence review in this Court. *See Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir.1992). The only purpose for which this Court can consider this additional evidence is to determine whether this case should be remanded to the agency pursuant to the sixth sentence of 42 U.S.C. § 405(g). *Cotton v. Secretary of Health and Human Services*, 2 F.3d 692, 695-96 (6th Cir.1993). This court may remand the case if the additional evidence is new and material, and if there was good cause for failure to incorporate the additional evidence into the record at a prior hearing. 42 U.S.C. § 405(g) (sentence six); *See Wyatt*, 974 F.2d at 685; *Casey v. Secretary of Health and Human Services*, 987 F.2d 1130, 1233 (6th Cir.1993).

Here, Plaintiff has failed to demonstrate that he properly pursed this evidence at the administrative level. It is not clear that he or his attorney made a request to Wayne County and/or the Wayne County Health Department for copies of any medical records concerning Plaintiff. He has also failed to demonstrate that this evidence is new and material, and that there is good cause for his failure to incorporate this evidence into the record at the prior hearing. Accordingly, Plaintiff's motions for subpoenas and his motion for a search warrant are **DENIED**.

Plaintiff has also filed a motion for an extension of time to file his motion for summary judgment (Dkt. #20). In this motion, Plaintiff requests an extension of "at least 120 days with the option to revisit issue of extension to 180 days." Plaintiff indicates that this time is needed to "acquire evidence on [his] behalf." As noted above, at this stage of review, Plaintiff is only able to supplement the record if he can demonstrate that the evidence is new and material and good

cause exists for his failure to incorporate this evidence at the prior administrative level. Accordingly, it is unlikely that Plaintiff will need as much time as requested to seek evidence in his case. The majority of the exhibits, if not all of the exhibits, that Plaintiff may refer to in his motion for summary judgment are contained in the administrative transcript provided by the U.S. Attorney's Office.

Once an answer is filed in a social security case a scheduling order is issued by this Court setting deadlines for summary judgment motions. Plaintiff's motion is due within three weeks after Defendant's answer is filed. Defendant's response and/or cross-motion are due three weeks after the filing of Plaintiff's motion. Plaintiff's reply is due within one week after the filing of Defendant's response and/or cross-motion. In this case, the Court issued a scheduling order instructing Plaintiff to file his motion for summary judgment on or before November 6, 2008 (Dkt. #10). When Plaintiff failed to do so, this Court issued an Order to Show Cause instructing Plaintiff to file his motion for summary judgment on or before December 29, 2008. Again, Plaintiff failed to do so.

Having reviewed Plaintiff's motion for an extension and finding sufficient cause to allow Plaintiff some additional time to file his dispositive motion, Plaintiff's motion is **GRANTED IN PART**. Plaintiff shall file his motion for summary judgment on or before April 30, 2009. Defendant's response and/or cross-motion is due on or before May 22, 2009.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: March 24, 2009　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　　United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 24, 2009 .

　　　　　　　　　　　　　　　　　　　　　　s/Jermaine Creary
　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk