UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. COOK,

            Plaintiff,                         Case No. 08-13404

vs .                                DISTRICT JUDGE GERALD E. ROSEN
                                         MAGISTRATE JUDGE STEVEN D. PEPE

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.
_____/

**ORDER DENYING PLAINTIFF'S REAPPLICATION FOR MOTIONS
FOR SUBPOENAS (DKT. #25, #26 & # 27)
AND
ORDER DENYING PLAINTIFF'S REAPPLICAITON FOR MOTION
FOR SEARCH WARRANT (DKT. #28)
AND
ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. #31)**

       This matter is before the Court on a Complaint for judicial review following an adverse

decision of the Commissioner of Social Security.  The Complaint was filed on August 6, 2008,

and referred to the undersigned for all pretrial purposes (Dkt. #1 & #4).  On October 16, 2008,

this Court issued a Scheduling Order requiring Plaintiff to file his motion for summary judgment

on or before November 6, 2008 (Dkt. #10).  Plaintiff failed to meet this deadline.  Accordingly,

this Court issued a December 10, 2008, decision ordering Plaintiff to file his motion for

summary judgment or show cause in writing on or before December 29, 2008, indicating why he

had failed to file his motion for summary judgment (Dkt. #11).

       Plaintiff did not timely respond to the Order to Show Cause, but instead filed a March 13,

2009, motion for an extension of time to file his motion for summary judgment (Dkt. #20).

Plaintiff also filed three motions for subpoenas (Dkt. #18, #19 & #22) and a motion for a search

warrant (Dkt. #21) all aimed at compelling third parties to produce Plaintiff's medical records.

On March 24, 2009, this Court issued an order denying Plaintiff's motions for subpoenas and a

search warrant, but granting Plaintiff's motion for an extension of time and giving him until

April 30, 2009, to file his motion for summary judgment (Dkt. #23).

On April 30, 2009, Plaintiff filed his motion for summary judgment (Dkt. #24), as well as

reapplications for his motions for subpoenas and motion for a search warrant (Dkt. #25, #26,

#27, #28).  On May 27, 2009, Plaintiff filed a brief in support of his motion for summary

judgment along with a motion for extension of time (Dkt. #31).  For the reasons noted below, all

of Plaintiff's motions addressed in this Order are **DENIED**.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not

grant motions for rehearing or reconsideration that merely present the same issues ruled upon by

the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(g)(3).  The same

subsection further states, "[t]he movant must not only demonstrate a palpable defect by which

the court and the parties have been misled but also show that correcting the defect will result in a

different disposition of the case."  *Id.*  A defect is palpable when it is obvious, clear,

unmistakable, manifest, or plain.  *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262,

278 (E.D. Mich. 1997).  Here, Plaintiff does not present any new issues or reasons why

reconsideration should be granted, but simply alleges negligence on the part of the Social

Security Administration.  Moreover, Plaintiff has not established that this Court made a clear,

unmistakable and obvious error when it first denied Plaintiff's motions.  Under these

circumstances, Plaintiff has not established a palpable defect in the Court's analysis and therefore Plaintiff's reapplications for motions for subpoenas and motion for a search warrant are **DENIED**.

Plaintiff has also filed a motion for an extension of time (Dkt. #31).  In this motion, Plaintiff requests an extension of time to "obtain the evidence [he] require[s] to properly present [his] case."  Because this Court is again denying Plaintiff's motions for subpeonas and a search warrant, for the reasons noted above, there is no need to grant Plaintiff's motion for extension of time.  Accordingly, Plaintiff's motion for an extension of time is **DENIED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.


**SO ORDERED**.

Dated: July 6, 2009                                          s/Steven D. Pepe
Ann Arbor, Michigan                                  United States Magistrate Judge